## KLIPPEL ET AL. v. OPPENSTEIN.

1. AMENDMENTS—DISCRETION.
The granting or refusing of amendments to pleadings rests almost entirely in the discretion of the trial court, and will not be reviewed unless there was an abuse of discretion and injustice done.

2. FORTHCOMING BONDS—ESTOPPEL.
Defendant, in an attachment case, wishing to retain possession of the goods attached, executed a forthcoming bond, with sureties, conditioned in effect that in case the plaintiff recovered judgment, and the attachment was not dissolved, defendant would, on demand, redeliver to the proper officer the attached property, or, in default of such redelivery, pay or cause to be paid the full value of the property released. *Held*, that the sureties on said bond could not, as a defense to an action brought thereon, set up that the goods were not the property of their principal, or claim them as their own.

*Appeal from the District Court of Arapahoe County.*

Mr. FRANK J. HANGS, for appellants.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

Appellee brought suit by attachment against George S. Hooper on the 25th day of January, 1893. The attachment was levied upon the stock in trade and fixtures of Hooper, who, wishing to retain the possession, executed to the sheriff a forthcoming bond, with Klippel & Turre (appellants) as sureties. The following is copied from the bond:

"By virtue of which said writ of attachment the following described property, to-wit: one Mosler safe, two show cases, one stove and pipe and all other fixtures now in store room at No. 1520 17th Street; also 49 chains, 52 plain rings, 69 rings with stone settings, 19 watch chains, 65 pair cuff buttons, 8 brooches and earrings; 21 watches, 17 collar buttons, 12 knives, one belt and cartridges and $25.00 of lawful money

of the United States of the value of $326.00 has been seized and attached, and, whereas the said defendant is desirous of releasing the said property of releasing the property from said attachment according to the form of the statute in such cases made and provided:

"Now, therefore, we, the undersigned, residents and freeholders of the county of Arapahoe, state of Colorado, in consideration of the premises and of the releasing of said property, do jointly and severally undertake and promise to the effect that in case the said plaintiff recover judgment in said action, and said attachment is not dissolved, then the said defendant will, on demand, re-deliver to the proper officer, such attached property, or in default of such re-delivery, that the said defendant, and we, as his sureties will pay or cause to be paid to the said plaintiff the full value of the property so released."

The suit was brought against appellants as sureties on the bond, and alleged in the complaint that the property was released upon such undertaking on the 30th of January, 1893; that on the 21st of April, 1893, plaintiff (Oppenstein) recovered judgment against Hooper for $313.72; execution sued out; failure and refusal of Hooper to deliver goods; and the execution returned wholly unsatisfied. The following is from the answer:

"And as a further defense against said action these defendants allege that the property mentioned in said undertaking on release of attachment, the Mosler's safe, two show cases, stove and pipe, were at that time the property of the defendant, Joseph Turre, and that he at that time began suit of replevin against the sheriff of this county for said goods; that said suit was decided in his favor by George Stidger, justice of the peace, before whom said suit was brought, and that, thereupon said suit was appealed by the sheriff aforesaid to this court and is now pending before this court. That as to other property, the forty-nine chains, fifty-two plain rings, stone settings, nineteen watch chains, sixty-five pair of cuff buttons and earrings, twenty-one watches, seventeen collar

buttons, twelve knives, one belt and cartridges, which prop-
erty was and is all the property of George E. Hooper men-
tioned in said undertaking, the rest belonging to Joseph
Turre as aforesaid, the defendants are informed and believe
were not worth a sum greater than the sum of $60.00, which
sum together with the sum of $25.00 mentioned in said under-
taking, these defendants have ever been ready to pay over to
the plaintiff herein."

Plaintiff moved for judgment on the pleadings. Defend-
ants tendered for filing an amended answer, which was re-
fused. The county court granted the motion of plaintiff and
gave judgment for plaintiff. An appeal was taken to the dis-
trict court, where the motion for judgment for plaintiff on
the pleadings was again made. Defendants tendered the
amended answer, which was denied, and judgment for plain-
tiff entered upon the pleadings, from which an appeal was
taken to this court.

The judgment of the court in refusing the amended answer
is assigned for error. The granting and refusing of amend-
ments in pleading rests almost entirely in the discretion of
the court, and will not be reviewed in this court unless there
was an abuse of discretion and injustice done. In this case
the amended answer was properly refused. It set up, though
in more apt language, the same supposed defenses set up in
the former, and none other. An examination of either will
show that it interposed no legal defense to the complaint.
Defendant Turre covenanted for a return of the goods as
those of Hooper, enumerating them, including the goods he
afterwards claimed as his own, stipulating their value to be
$326.

In his answer he sets up that at the time of the levy by
the sheriff, and at the time he executed the bond, he was the
owner of the greater part in value, and had, on the 28th of
January, two days before he executed the bond, instituted
a suit before a justice of the peace for their recovery, and at
some time—date not given—obtained judgment. Having cov-
enanted to return the goods as those of Hooper, and fixed

the value, he could not afterwards be heard to say that he had covenanted to deliver his own goods.    The answer contained nothing in defense of the action.    The judgment of the district court must be affirmed.

*Affirmed.*